

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,600-01

**EX PARTE JUAN FRANCISCO PEREZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 16CR1088-83-1 IN THE 56TH DISTRICT COURT
## FROM GALVESTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with a government record and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends, *inter alia*, that his plea was involuntary. He says that his command of the English language is limited, that counsel did not retain an interpreter, and that he believed he was agreeing to removal from the Unites States for two years and not to a two year prison sentence. Counsel has provided an affidavit, but it does not resolve the claim. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held

in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve whether counsel discussed with Applicant that his plea agreement was for him to go to prison for two years, not deportation or removal from the United States after which he would be required to stay out of the country for two years. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 15, 2017
Do not publish